United States District Court
for the
District of Massachusetts
Case No. 1:26-cv-12630

---

Jane Doe,

Plaintiff,

-vs-

Frederick Jones, et al.,

Defendants.

---

**FILED UNDER PROVISIONAL SEAL**

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

1.      Plaintiff, a survivor of severe domestic violence whose identifying information has been impounded by the Housing Court, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 10(a) and the Court's inherent authority, for leave to prosecute this action under the pseudonym "Jane Doe." Plaintiff further requests that the Court direct the Clerk to caption all public filings using the pseudonym, and that Plaintiff's true name, residential address, and other personally identifying information be excluded from the public docket. Plaintiff's true identity and address will be disclosed to the Court and to Defendants through a separate sealed disclosure, and through the unredacted Complaint filed under seal pursuant to Plaintiff's companion Motion for Leave to File Under Seal.

2.      In support of this Motion, Plaintiff states as follows.

## Introduction

3.      This is not an ordinary privacy request. Plaintiff is a Black woman, a survivor of a 2011 attack by a former intimate partner in which she sustained severe and permanent physical injuries, and a person with severe physical and psychiatric disabilities, including post-traumatic stress disorder, for whom her current residence has been medically necessary. Her identifying information is already impounded by the Housing Court precisely because of her domestic-violence-survivor status. The Complaint pleads that the very conduct giving rise to this action includes Defendants' repeated unauthorized disclosures of that protected information—disclosures that Congress has expressly prohibited under the Violence Against Women Act ("VAWA"), 34 U.S.C. § 12491(c)(4), and that the Department of Justice has likewise prohibited under 28 C.F.R. § 90.4(b).

4.      Were Plaintiff required to litigate this action in her true name on the public docket, the result would be to perfect, on this Court's own docket, the very harm she is suing to remedy. The First Circuit's public-access doctrine does not require that perverse outcome. The traditional presumption of openness yields where, as here, a plaintiff's privacy interest is grounded in a federal statutory confidentiality right, a pre-existing court impoundment, and a documented record of physical and psychiatric harm caused by prior disclosures of the same information.

## Background

5.      Plaintiff is a survivor of severe domestic violence within the meaning of 34 U.S.C. § 12291(a) and a tenant of a "covered housing program" within the meaning of 34 U.S.C. § 12491(a)(3)(H). In connection with prior litigation in the Housing Court, Plaintiff filed a Motion to Impound her name and identifying information, which was granted; the operative injunctions entered March 4, 2025, and June 10, 2025, expressly required that the parties take "all reasonably necessary steps to protect [Plaintiff's] identity."

6.      Under 34 U.S.C. § 12491(c)(4), the personally identifying information of a domestic-violence survivor residing in covered housing must be kept confidential and may not be disclosed except in narrowly defined circumstances. The implementing regulation at 28 C.F.R. § 90.4(b) further requires owners and managers to take "reasonable efforts to prevent inadvertent releases" of such information. These provisions create a substantive federal entitlement to confidentiality.

7.      The Complaint alleges that Defendants and their agents have, on multiple occasions, disclosed Plaintiff's impounded full name and address in publicly accessible filings and to third parties—including in a February 2024 notice-to-quit and eviction filing prepared by Defendant Clifford, and in March 2025 when Defendant Tsitsas distributed an injunction containing the impounded information to prospective purchasers. Plaintiff's treating psychiatrist has documented, in writing, that the events surrounding these disclosures and related conduct caused "a significant exacerbation of her symptoms," including PTSD and hypertensive

emergencies requiring emergency medical care, "more so because she is a survivor of severe domestic violence."

8.    Plaintiff requests only that her name and identifying information be withheld from public view. Defendants are fully named in this litigation, have full access to the unredacted Complaint, can defend without prejudice, and are not deprived of any legitimate informational interest by pseudonymity.

## Legal Standard

9.    Federal Rule of Civil Procedure 10(a) ordinarily requires that the title of a complaint name all parties. The First Circuit, however, has recognized that pseudonymous litigation may be permitted where exceptional circumstances justify departure from the presumption of open proceedings. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70–73 (1st Cir. 2022). In *Doe v. MIT*, the First Circuit identified four "general categories" of cases in which courts have most often permitted pseudonymity: (i) cases in which the plaintiff reasonably fears unusually severe physical or psychological harm; (ii) cases where identification would harm an innocent third-party; (iii) cases where anonymity avoids a chilling effect on future, similarly situated plaintiffs; and (iv) cases in which a prior proceeding lawfully ordered confidentiality. *Id.* at 71–72. Beyond those categories, courts in this Circuit weigh additional factors including the vulnerability of the plaintiff (particularly where she is the victim of violence), whether confidentiality has been maintained in

related proceedings, whether the defendants would be prejudiced, and the public's interest in the litigation. *Id.* at 72.

## Argument

10.    The recognized factors weigh decisively in favor of allowing Plaintiff to proceed under pseudonym. The litigation concerns matters of the utmost sensitivity. The Complaint pleads that Plaintiff is a survivor of severe domestic violence and of a 2011 attack by a former intimate partner; that she suffers from disabling PTSD and related psychiatric and physical conditions; and that Defendants have repeatedly used disclosure of her impounded identifying information as an instrument of harassment, intimidation, and coercion. The subject matter of the litigation is, by any measure, of a highly sensitive and intensely personal nature, falling squarely within the first *Doe v. MIT* category.

11.    Public identification poses a concrete risk of further physical and psychiatric harm. This is not a speculative privacy concern. Plaintiff's treating psychiatrist has already documented, in connection with prior disclosures of the same information, that exposure produced "significant exacerbation" of her PTSD, hypertensive emergencies, and multiple emergency-department visits. Requiring Plaintiff to litigate in her true name on the public docket would reproduce, at scale, the precise category of harm that drives the underlying litigation.

12.    Plaintiff is precisely the category of vulnerable plaintiff for whom pseudonymity is appropriate. Federal courts have repeatedly permitted

pseudonymous litigation by victims of sexual or domestic violence. Plaintiff falls squarely within that category, and her vulnerability is compounded by her status as a person with severe disabilities and PTSD directly traceable to past violence.

13.    Congress and the Department of Justice have already determined that Plaintiff's identifying information warrants confidentiality. VAWA's confidentiality provision, 34 U.S.C. § 12491(c)(4), and its implementing regulation, 28 C.F.R. § 90.4(b), embody a federal policy that the personally identifying information of survivors residing in covered housing programs must be kept confidential. That federal policy judgment is entitled to substantial weight in this Court's assessment of whether the presumption of openness yields here. Permitting Defendants to compel public disclosure of Plaintiff's identifying information as a condition of access to the courts would invert the very statutory scheme on which her claims rest.

14.    Confidentiality has already been judicially established in the related state proceedings. The Housing Court has impounded Plaintiff's name and identifying information and has expressly ordered the parties to take "all reasonably necessary steps to protect [Plaintiff's] identity." Allowing this Court's public docket to become the vehicle by which that state-court impoundment is functionally undone would be neither consistent with comity nor consistent with the policies underlying impoundment.

15.    Defendants suffer no prejudice. Each Defendant is named publicly. Each will be served with the unredacted Complaint and will know exactly who is suing them, where she resides, and what conduct is alleged. Pseudonymity restricts only what the

public can see on the docket; it does not restrict the parties' ability to litigate, conduct discovery, or mount any defense.

16.    The public's legitimate interest is fully served by a redacted complaint. The public retains full access to the substance of the allegations, the identities of all Defendants, the legal claims, and ultimately the Court's reasoning. The only information withheld is the identifier of a single private individual whose statutorily protected confidentiality is itself the subject of the suit.

17.    The requested protection is narrowly tailored. Plaintiff does not seek anonymous prosecution as against Defendants. She seeks only that the public docket caption use a pseudonym; that the public version of the Complaint redact her true name, residential address, and other identifying information; and that the unredacted Complaint and a sealed disclosure of true identity be filed under seal pursuant to Local Rule 7.2 and the Standing Order Regarding Motions for Leave to File Under Seal. This is the least restrictive means of vindicating Plaintiff's federal confidentiality right while preserving the public's access to the substance of the proceedings.

## Conclusion

18.    For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to prosecute this action under the pseudonym "Jane Doe," direct the Clerk to caption all public filings accordingly, restrict public disclosure of Plaintiff's true name, residential address, and other identifying information, and grant such further relief as the Court deems just and proper.

Dated:       June 9, 2026
           Boston, Massachusetts

Respectfully submitted,

**JANE DOE**

By her attorney,

/s/ Joshua O'Neill
Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com
Boston Defender LLC
www.bostondefender.com
240 Elm St, 2nd Floor
Somerville, MA 02144

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certifies that conference with opposing counsel was not feasible prior to filing because this Motion is filed contemporaneously with the Complaint that initiates this action, and Defendants have not yet been served or appeared. Counsel will confer with Defendants' counsel as soon as appearances are entered concerning any continued protection of Plaintiff's identifying information.

/s/ Joshua O'Neill
Joshua O'Neill, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, the foregoing document was filed through the Court's CM/ECF system. The unredacted version (where applicable) will be served on counsel for Defendants upon entry of appearance, in accordance with the Standing Order Regarding Motions for Leave to File Under Seal.

/s/ Joshua O'Neill
Joshua O'Neill, Esq.